United States District Court of Southern Indiana

Matthew C. Brenner

V.

Matthew R. Elrod, LT. Farris, FTO Phar, FTO Butler
CO. Stout
Vanderburgh County Sheriffs office
Two Unknown Agents with the U.S. Marshall Service

Civil Action NO. _____

I. Jurisdiction & Venue

1. This is a civil action authorized by 42. U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3).

. Plaintiff Matthew C. Brenner seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Matthew C. Brenner Claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and rule 65 of the Federal rules of civil procedure

2. The Southern District of Indiana is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occured.

## II. Plaintiffs

3. Plaintiff, Matthew C. Brenner, is and was at all times mentioned herein a Inmate of the Vanderburgh County Sheriff office Confinement Center.

## III. Defendants

4. Defendant, Matthew R. Elrod is a Deputy of the Vanderburgh County Sheriffs Office. He is legally responsible for the Investigations of cases.

5. Defendant, LT. Farris is a ranking officer of the Vanderburgh County Confinement Center. He is legally responsible for the discipline of Inmates in the Vanderburgh County Confinement Center.

6. Defendant, FTO. Phar is a ranking officer of the Vanderburgh County Confinement Center. He is legally responsible for the training of new confinement officers and for the security and well being of the Inmates of the Vanderburgh County Confinement Center.

7. Defendant, A. Stout is a confinement officer of the Vanderburgh County Confinement Center. She is legally responsible for the security and well being of the Inmates of the Vanderburgh County Confinement center.

8. Defendant, FTO. Butler is a field training officer of the Vanderburgh County Confinement Center. She is legally responsible for the training of new confinement officers of the Vanderburgh County Confinement center.

9. Defendants, Unknown Agents of the U.S. Marshal service. They are legally responsible for Arresting Individuals.

# IV. Facts

9. At all times relevant to this case, Plaintiff Matthew C. Brenner was an Inmate of the Vanderburgh County Confinement Center.

10. On August 22nd, 2022, Defendant Matthew R. Elrod coerced Plaintiff Matthew C. Brenner's wife Courtney C. Brenner to get the location of plaintiff Matthew C. Brenner by threatening to place her in jail if she didn't cooperate with Defendant Matthew R. Elrod.

11. Defendant, Matthew R. Elrod had two agents from the U.S. Marshal service locate Plaintiff Matthew C. Brenner, upon the Plaintiff Matthew C. Brenner leaving the parking lot of St. Vincent Hospital in Evansville, In.

12. The two Agents blocked Plaintiff Matthew C. Brenner from leaving the parking lot, during the encounter with the agents Plaintiff Matthew C. Brenner was held at gun point against his will and was ordered to keep his hands on the steering wheel.

13. Plaintiff Matthew C. Brenner was then ordered to turn off his vehicle, at that point one of the agents approached the plaintiffs vehicle and opened the Driver door, Then unbuckled plaintiff Matthew C. Brenner's seatbelt and physically pulled him from his vehicle.

14. The Agent then placed plaintiff Matthew C. Brenner in handcuffs as plaintiff Matthew C. Brenner asked what this was about without getting answer.

15. Plaintiff Matthew C. Brenner was never told by the agent that there was an arrest warrant and was never given his Miranda Warnings or that he was under arrest.

16. Plaintiff Matthew C. Brenner was then patted down and his vehicle was searched without a warrant or consent to search, Plaintiff Matthew C. Brenner was never unsecured or within reaching distance of the passenger compartment of his vehicle and his phone was seized.

17. Plaintiff Matthew C. Brenner then asked two more times what this was about and after the third time the agent stated he don't know he was just told to pick up Plaintiff Matthew C. Brenner. After Plaintiff Matthew C. Brenner was placed in the agents cruiser.

18. Plaintiff Matthew C. Brenner was then taken to the Vanderburgh County Sheriffs office after his vehicle was parked and locked Plaintiff Matthew C. Brenner's vehicle was never impounded from St. Vincent Hospital.

19. Plaintiff Matthew C. Brenner was still in handcuffs once arriving at the Vanderburgh County Sheriffs office. Plaintiff Matthew C. Brenner was never free to go as he pleases and was never free to accompany the agent to the Vanderburgh County Sheriffs office.

20. On August 29th, 2022 Defendant, Matthew R. Elrod along with another Sheriff deputy and a detective came back to Plaintiff Matthew C. Brenner's Cell and falsely accused Plaintiff Matthew C. Brenner of violating a no contact order that is strictly against Plaintiff Matthew C. Brenner's Daughter.

21. Plaintiff Matthew C. Brenner was strictly trying to make contact with his wife who is not protected by any no contact order, therefore Defendant Matthew R. Elrod added false charges against Plaintiff Matthew C. Brenner and put him in fear of harm.

22. On November 16th, 2022 Defendants, LT. Farris, FTO. Phar and CO. A. Stout came back to Plaintiff Matthew C. Brenner's cell after Defendant Matthew R. Elrod confiscated letters strictly written for Plaintiff Matthew C. Brenner's Wife Courtney L. Brenner

23. Defendant, FTO. Phar told Plaintiff Matthew C. Brenner to step out of the cell and put his hands behind his back placing him in hand cuffs and taken to Solitary confinement after being falsely accused again for violating the no contact order by Defendant LT. Farris

24. Plaintiff Matthew C. Brenner was put on a 30 day sanction after showing Defendant FTO Butler the proof of who he was not to have contact with putting Plaintiff Matthew C. Brenner at risk of harm due to the nature of his case.

25. Defendant, C.O. A. Stout was the one who made out the report against Plaintiff Matthew C. Brenner.

## V. Legal Claims

26. Defendant Matthew R. Elrod had two agents name unknown from the U.S. Marshals office unlawfully arrest plaintiff Matthew C. Brenner by restricting his freedom of action or movement

27. Defendant Matthew R. Elrod's actions violated Plaintiff Matthew C. Brenner's rights under the Fourth Amendment of the United States Constitution and under Indiana Bill of rights Article 1 section 11.

28. There was not any exigent circumstances for which Plaintiff Matthew C. Brenner had to be unlawfully arrested, Defendant, Matthew R. Elrod had more than enough time to apply for an arrest warrant, but failed to do so or follow law enforcement procedures.

29. A warrantless arrest only applies when there is an exigent circumstance to Immediately arrest an Individual, and not enough time to obtain an arrest warrant.

30. Defendants, LT. Farris, FTO. Phar, FTO. Butler, and ~~CA.~~ CO. A. Stout, Falsely accused plaintiff Matthew C. Brenner of violating the no contact order that is only against his Daughter.

31. Plaintiff Matthew C. Brenner had written letters to his wife only none of the letters were ever address to his Daughter.

32. Therefore, Defendants, LT. Farris, FTO. D. Phar, FTO. Butler, and CO. A. Stout Placed Plaintiff Matthew C. Brenner in Solitary Confinement for 30 Days Putting plaintiff Matthew C. Brenner at risk of harm due to the nature of his case.

33. Defendants, LT. Farris, FTO. Phar, FTO. Butler, and CO. Stout's actions violated plaintiff Matthew C. Brenner's rights under The United States Constitution Amendment 8 and Indiana Bill of rights Article 1 section 16. Which caused plaintiff Matthew C. Brenner cruel and unusual punishment and emotional distress.

## VI. Prayer for Relief

Wherefore, Plaintiff respectfully pray that this Court enter Judgement:

34. Granting Plaintiff Matthew C. Brenner a declaration that the acts and omissions described herein, violate his rights under the United States Constitution and laws and Indiana Constitution and laws.

35. A preliminary and permanent injunction ordering Defendants, Matthew R. Elrod, FTO. D. Phar, FTO. Butler, LT. Farris, and CO. A. Stout, from further harassement of plaintiff Matthew C. Brenner.

36. Granting Plaintiff Matthew C. Brenner Compensatory damages in the Amount of 75,000 against each Defendant, jointly and severally.

37. Plaintiff Matthew C. Brenner seeks compensatory damages of 100,000 against Defendant Matthew R. Elrod only.

38. Plaintiff also seek a Jury trial on all issues triable by jury.

39. Plaintiff also seek recovery of his costs in this suit and any additional relief this Court deems just, proper, and equitable.

Dated February 8th, 2023

Respectfully submitted, Matthew C. Brenner
Inmate Id: 196187
Vanderburgh County Confinement Center
3500 N. Harlan Ave.
Evansville, In 47711

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct

Executed at Evansville, Indiana on February 8th, 2023

/S/ _Matt [signature]_
      Matthew C. Brenner

In the United States District Court for the Southern Indiana District

Matthew G. Brenner
Plaintiff

V.

Matthew R. Elrod, D. Phar, A. Stout, Farris, Butler + two unknown agents with the U.S. Marshall Service
Defendants

Summons
Civil action No. _____

## TO THE ABOVE-NAMED DEFENDANTS

You are hereby summoned and required to serve upon plaintiff, whose address is 3500 N. Harlan Ave Evansville, In 47711 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service, or 60 days if the U.S. Government or officer/agent thereof is a defendant. if you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

Clerk of the Court

Date: _____