UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MATTHEW C. BRENNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:23-cv-00019-MPB-CSW |
| MATTHEW R. ELROD, TWO UNKNOWN AGENTS WITH THE US MARSHALL SERVICE, | ) |
| Defendants. | ) |
| NOAH ROBINSON, | ) |
| Miscellaneous. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pro se Plaintiff Matthew Brenner sued Defendant Mathew Elrod and Two Unknown Agents with the United States Marshal Service ("Unknown Marshals") (collectively referred to as, "Defendants"), for constitutional violations stemming from his arrest. Plaintiff alleges that Defendants violated his Fourth Amendment rights by arresting him and searching his car without a warrant. Defendant Elrod filed a Motion for Summary Judgment, (Docket No. 131), asserting that Defendants are entitled to judgment as a matter of law. For the following reasons, that Motion, (Docket No. 131), is **GRANTED**.

**I.   Background**

**A. Local Rule Compliance**

As an initial matter, the Court notes the deficiencies in Plaintiff's summary judgment briefing. Defendant Elrod's Brief in Support properly sets forth a "Statement of Material Facts Not in Dispute," and includes citations to record evidence supporting these factual assertions.

(Docket No. 132 at ECF pp. 2–4). As the non-movant, Plaintiff is required by local rules to include a section labeled "Statement of Material Facts in Dispute" in his response brief, which he did. (*See* Docket No. 149 at ECF p. 5); S.D. Ind. L.R. 56-1(b). However, the local rules also direct that Plaintiff "support each fact [he] asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence." S.D. Ind. L.R. 56-1(e). But there are no such citations. Instead, Plaintiff "disputes" certain statements of fact offered by Defendant Elrod and argues that his declaration is "not credible," but there are no citations to record evidence supporting Plaintiff's challenges. (*See* Docket No. 149 at ECF pp. 5–9). Of course, the local rules "require that assertions of fact be supported by specific citations," *Hinterberg v. City of Ind.*, No. 1:16-cv-1341, 2019 WL 1439159, at *3 (S.D. Ind. Mar. 30, 2019) (citation modified), and a "failure to respond by the nonmovant as mandated by the local rules" can result in an admission of the asserted facts, *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). While these failures are not fatal to Plaintiff's case on their own, Plaintiff is cautioned to comply with the local rules in future filings. Considering these deficiencies, the Court will accept Defendants' recitation of the facts. *See id.* ("[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement . . . those facts shall be deemed admitted for purposes of the motion.").

    **B. Relevant Facts**

    In August 2022, Defendant Elrod worked as a deputy sheriff with the Vanderburgh County Sheriff's Office. (Docket No. 131-1 at ECF p. 1). On August 17, Defendant Elrod was dispatched to a residence in response to a sensitive incident report. (*Id.*). At the residence, he spoke with Courtney Brenner, Plaintiff's now ex-wife. (*Id.*). She "informed [Defendant Elrod] that [Plaintiff] had been sexually abusing their 14-year-old biological daughter" on a recurring

basis from March 2022 to July 2022. (*Id.*). She provided details concerning the sexual abuse and told Defendant Elrod that Plaintiff did not deny abusing his daughter. (*Id.* at ECF p. 2). Defendant Elrod's probable cause affidavit spells out the details of that abuse. (*Id.* at ECF p. 4).

On August 18, 2022, Defendant Elrod "conducted a follow-up investigation at Holly's House" where the daughter was interviewed by a Certified Forensic Examiner. (*Id.* at ECF p. 2). In the interview, the daughter "corroborated much of what the Ex-Wife had previously reported" and provided "further details of [Plaintiff's] abuse." (*Id.*). She provided specific dates that the abuse began and described the abuse in detail, which was recounted in Defendant Elrod's probable cause affidavit. (*Id.* at ECF pp. 4–5).

On the morning of August 22, Plaintiff received screenshots of a text conversation between Plaintiff and his ex-wife from a Department of Child Services Family Case Manager. (*Id.* at ECF p. 2). This included the following exchange:

> Ex- Wife: what is there to think about anymore you raped our daughter
> Brenner: I didn't force her rape is physically forcing I did not
> Ex- Wife: oh so you're saying she wanted her father to f*** her everynight
> Brenner: Answer me please
> Ex- Wife: i highly doubt that she really asked you for it
> Brenner: She did

(*Id.*). At this point, Defendant Elrod believed he "had probable cause to believe Brenner had committed the offenses of Incest and Sexual Misconduct with a Minor and that [Plaintiff's] phone contained evidence of his crimes." (*Id.* at ECF p. 3). Defendant Elrod informed law enforcement officers of Plaintiff's whereabouts. (*Id.*). Plaintiff was arrested that afternoon in the parking lot of St. Vincent's Hospital by the Unknown Marshals. (*Id.*). During the arrest, the Unknown Marshals searched Plaintiff's vehicle and seized his phone. (*Id.*). Plaintiff was then transported to the Vanderburgh County Sherriff's Office Operations Center for an interview. (*Id.*). Plaintiff was booked into Vanderburgh County Jail on charges of Incest and Sexual Misconduct

3

with a Minor. (*Id.*). Defendant Elrod submitted a search warrant to a Vanderburgh Superior Court judge to search the contents of Plaintiff's phone, which was approved on August 23, 2022. (*Id.*).

Plaintiff initiated this action on February 13, 2023. (Docket No. 1). The Court screened Plaintiff's Amended Complaint, allowing three claims to proceed. (Docket No. 46). Defendant Elrod later filed a Motion for Summary Judgment. (Docket No. 131).

## II.     Legal Standard

Summary judgment is proper and shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Jaranowski v. Indiana Harbor Belt R.R.*, 72 F.4th 744, 749 (7th Cir. 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In reviewing summary judgment motions, this Court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *McDonald v. Hardy*, 821 F.3d 882, 888 (7th Cir. 2016). Yet inferences supported "by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007). Because courts must not "scour the record in search of evidence to defeat a motion for summary judgment," the nonmoving party has "the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

## III.    Discussion

Plaintiff alleges that Defendants violated the Fourth Amendment by arresting him and searching his vehicle without a warrant, and he seeks to hold them personally liable for these violations. In its Screening Order, (Docket No. 46), the Court construed Plaintiff as bringing a

4

claim for false arrest against Defendant Elrod under 42 U.S.C. § 1983, and a *Bivens* claim for unlawful arrest and search against the Unknown Marshals.[1] Defendants argue that there can be no liability for Plaintiff's arrest because there was probable cause to arrest him. Additionally, they argue that the automobile exception to the warrant requirement applies to the search of Plaintiff's vehicle. Both arguments are correct.

### A. False Arrest

#### 1. *Defendant Elrod*

Section 1983 allows for plaintiffs to bring a suit for damages stemming from a false arrest. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 897 (7th Cir. 2001) (discussing the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) and 42 U.S.C. § 1983 in the false arrest context). To prevail on this claim, Plaintiff "must show that there was no probable cause for his arrest." *Neita v. City of Chi.*, 830 F.3d 494, 497 (7th Cir. 2016) (citation omitted). Phrased differently, "probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest." *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006) (citation modified). An officer has probable cause to arrest an individual when "the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed . . . an offense." *Kelley v. Myler*, 149 F.3d 641, 646 (7th Cir. 1998) (citation modified). This is a fact-intensive inquiry that is not capable of being boiled down to a "neat set of legal rules," *Maxwell v. City of Ind.*, 998 F.2d 431, 434 (7th Cir.1993), and instead hinges on

---

[1] Plaintiff's Amended Complaint identifies the two people who arrested him as federal Marshals. It appears that their identity may have become known during the course of discovery, and the people identified claim to have been working as Vanderburgh County Sheriff's deputies rather than federal Marshals. (*See* Docket No. 149 at ECF p. 16). If true, this would convert Plaintiff's *Bivens* claims into Section 1983 claims, as the unidentified defendants would be state, rather than federal, actors. Because neither party addresses this issue, and it is ultimately irrelevant to the merits, the Court assumes without deciding that the two people identified by Plaintiff were acting as United States Marshals for the sake of his *Bivens* claims.

the "the facts as they would have appeared to a reasonable person *in the position of the arresting officer*," *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992) (emphases in original).

Applying that standard to the case at hand, Defendant Elrod had probable cause to believe that Plaintiff had committed a crime sufficient to order his arrest. Specifically, he had probable cause to believe that Plaintiff committed the crimes of Incest and Sexual Misconduct with a Minor. In response to a sensitive incident report, Defendant Elrod spoke with Plaintiff's now ex-wife, who "informed [Defendant Elrod] that [Plaintiff] had been sexually abusing their 14-year-old biological daughter" on a recurring basis from March 2022 to July 2022. (Docket No. 131-1 at ECF p. 1). The ex-wife provided Defendant Elrod with details concerning the abuse that were corroborated by the daughter in a Holly's House interview the following day. (*Id.* at ECF p. 2). In that interview, the daughter "disclosed incidents of sexual intercourse" with Plaintiff and provided additional details. (*Id.* at ECF p. 4). And a few days later, Defendant Elrod received screenshots of a text message conversation between Plaintiff and his ex-wife where he seemingly admitted to having sexual intercourse with his daughter. (*Id.* at ECF p. 2).

Under Indiana law, a person at least the age of eighteen (18) commits the crime of Incest when they engage "in sexual intercourse or other sexual conduct . . . with another person, when the person knows that the other person is related to the person biologically as a parent [or] child[.]" Ind. Code § 35-46-1-3(a). Similarly, the crime of Sexual Misconduct with a Minor involves a person at least the age of eighteen "who knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct . . . with a child less than sixteen (16) years of age." Ind. Code § 35-42-4-9(a) (2019). The facts and circumstances available to Defendant Elrod indicated that Plaintiff had sexual intercourse with his fourteen-year-old daughter, such that "a prudent person" in his position would believe that Plaintiff had committed Incest and

6

Sexual Misconduct with a Minor. *Kelley*, 149 F.3d at 646 (citation modified). Given this information, Defendant Elrod had probable cause to effectuate Plaintiff's arrest, which operates as an "absolute defense" to Plaintiff's false arrest claim. *Mustafa*, 442 F.3d at 547.

Plaintiff seemingly admits that there was probable cause to arrest him in his Response Brief, where he states that "Defendants may have had probable cause to arrest" him. (Docket No. 149 at ECF p. 12). Plaintiff's core objection to his arrest, rather, is that Defendant Elrod had enough time to secure a warrant, and that there were no exigent circumstances to justify a warrantless arrest. But that argument misstates the law—the police do not need exigent circumstances to carry out a warrantless arrest in *public places*, like the parking lot of a hospital. *See United States v. Watson*, 423 U.S. 411, 423 (1976) ("[T]he judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances."). Thus, because there is no genuine issue of material fact that Plaintiff's arrest did not violate the Fourth Amendment, Defendants' Motion for Summary Judgment, (Docket No. 131), is **GRANTED** as to the false arrest claim against Defendant Elrod.

    2. *Marshal Defendants*

Plaintiff also argues that the Unknown Marshals unlawfully arrested him. Such a claim arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Claims under § 1983 and *Bivens* "are identical save for the replacement of a state actor (§ 1983) by a federal actor (*Bivens*)." *Bieneman v. City of Chi.*, 864 F.2d 463, 469 (7th Cir. 1988). Given this similarity, courts "have held that the rules used for § 1983 suits will be applied in full force to *Bivens* cases." *Id.* (collecting cases). Thus, to be successful on a *Bivens* claim for false arrest, Plaintiff

must show, in part, the absence of probable cause to effectuate his arrest. *Lynch v. Nowland*, No. 2:17-CV-43, 2019 WL 6828302, at *4 (N.D. Ind. Dec. 13, 2019).

Here, there is no genuine issue of material fact that Defendant Elrod relayed incriminating information about Plaintiff to the Unknown Marshals who arrested him. (*See* Docket No. 131-1 at ECF p. 3). Because Defendant Elrod had probable cause to effectuate Plaintiff's arrest, the Unknown Marshals also had probable cause to arrest Plaintiff for Incest and Sexual Misconduct with a Minor. Defendants' Motion for Summary Judgment, (Docket No. 131), is thus **GRANTED** as to Plaintiff's unlawful arrest claim against the Unknown Marshals.

### B. Unlawful Search

Plaintiff alleges that after the Unknown Marshals cornered his car and arrested him, they searched his vehicle for his cell phone. He claims that this warrantless search violated his Fourth Amendment rights, and he seeks to hold the Unknown Marshals liable for the alleged constitutional violation under *Bivens*. Defendants counter that the Unknown Marshals did not violate Plaintiff's Fourth Amendment rights because they had probable cause to conduct a search for the phone under the automobile exception. Defendants are correct.

Under the Fourth Amendment, warrantless searches are per se unreasonable, subject to notable exceptions. *United States v. Ostrum*, 99 F.4th 999, 1005 (7th Cir. 2024) (citing *Arizona v. Gant*, 556 U.S. 332, 338 (2009)). One exception to that rule is the automobile exception, "which allows law enforcement to conduct a "warrantless search of a vehicle ... so long as there is probable cause to believe it contains contraband or evidence of illegal activity.'" *Ostrum*, 99 F.4th at 1005–06 (quoting *United States v. Washburn*, 383 F.3d 638, 641 (7th Cir. 2004)). The probable cause inquiry is "based on a totality of the circumstances" and considers the reasonable

8

inferences officers would draw from their training and experience. *United States v. Zahursky*, 580 F.3d 515, 521 (7th Cir. 2009).

Here, the Unknown Marshals had probable cause, based on the totality of the circumstances, to believe that Plaintiff's vehicle had evidence of illegal activity. *Ostrum*, 99 F.4th at 1006. Defendant Elrod told the Unknown Marshals that Plaintiff "would likely have his phone, which contained incriminating evidence" following the text message conversation between Plaintiff and his ex-wife in which Plaintiff admitted to having sexual intercourse with his daughter. (Docket No. 131-1 at ECF pp. 2, 3). Thus, when the Unknown Marshals went to arrest Plaintiff, they had probable cause to arrest him for Incest and Sexual Misconduct with a Minor, as well as probable cause to search his vehicle for his phone which contained evidence of that illegal activity.

The Unknown Marshals had similar amounts of evidence supporting their probable cause determination as other cases where courts have applied the automobile exception. *See, e.g., Zahursky*, 580 F.3d at 521–23 (affirming a district court's finding of probable cause to justify a warrantless search under the automobile exception when a man messaged a 14-year-old about having sexual intercourse and arranged a meeting); *United States v. Conley*, 342 F.Supp.3d 247, 266–67 (D. Conn. 2018) (finding probable cause to allow for officers to search a vehicle for a cell phone containing evidence of drug trafficking). And while Plaintiff argues that the automobile exception cannot apply to this case because the Unknown Marshals "never observed [him] having his phone nor was the phone ever observed in the vehicle" before Plaintiff's arrest, (Docket No. 149 at ECF p. 13), no such requirement applies to the exception. The officers did not need to know, as a matter of *certainty*, that the phone was in the car. Instead, probable cause is based on the totality of the circumstances and considers the reasonable inferences officers

9

draw from their training and experience. *Zahursky*, 580 F.3d at 521. It was reasonable for the Unknown Marshals to draw on their experiences and conclude that Plaintiff's phone was in his car.

Reviewing the totality of the circumstances, there is no genuine issue of material fact that the Unknown Marshals had "probable cause to believe [Plaintiff's vehicle] contain[ed] contraband or evidence of illegal activity.'"[2] *Ostrum*, 99 F.4th at 1005–06. Thus, Defendants' Motion for Summary Judgment, (Docket No. 131), is **GRANTED** as to Plaintiff's unlawful search claim.

### C. Plaintiff's Other Arguments

Plaintiff briefly raises a variety of other challenges in his Brief in Opposition. But these arguments either rely on a misstatement of law or are inconsequential to this case. For example, Plaintiff claims that "he was never advised that he was being arrested" or read his *Miranda* rights. (Docket No. 148 at ECF p. 7). But there is no § 1983 (or *Bivens*) claim for not providing *Miranda* warnings. *See Vega v. Tekoh*, 597 U.S. 134, 152 (2022) (declining to expand *Miranda* to confer a right to sue under Section 1983). So, even if Plaintiff was subject to custodial interrogation, and there is no indication that he was, there is no cause of action for him to pursue on this front.

Plaintiff's other arguments do not fare any better. He argues that the search of his car was not justified as a search incident to arrest because he could not "have accessed his car to retrieve weapons or evidence at the time of the search." (Docket No. 149 at ECF p. 20). Of course, Defendants justified their search under the automobile exception, not as a search incident to

---

[2] Importantly, the Unknown Marshals seized the phone before getting a warrant to search its contents, the latter of which was executed on August 23. (Docket No. 131-1 at ECF p. 3). *See Riley v. California*, 573 U.S. 373, 403 (2014) (holding that police must get a warrant before searching the contents of a cell phone incident to an arrest).

arrest. But, as Defendants point out in reply, "circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 335 (2009). That criterion is met here—the Unknown Marshals reasonably believed that evidence of the offense of arrest might be found in Plaintiff's car because *they were informed about the text messages* sent by Plaintiff. (Docket No. 131-1 at ECF p. 3). Regardless of the exception applied, the search of Plaintiff's vehicle passes constitutional muster.

The other arguments advanced by Plaintiff, such as his contention that "probable cause does not redeem the failure to obtain a warrant," (Docket No. 149 at ECF p. 12), are devoid of supporting legal authority.[3] At bottom, this case is about Plaintiff's arrest and the search of his car. Defendants did not violate Plaintiff's Fourth Amendment rights during his arrest and the subsequent search of his vehicle because there was probable cause to believe that Plaintiff had committed Incest and Sexual Misconduct with a Minor, and there was probable cause to believe there was evidence of that illegal activity in his vehicle. As a result, Defendants' Motion for Summary Judgment, (Docket No. 131) must be **GRANTED** in full.

### IV.     Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment, (Docket No. 131), is **GRANTED**. Defendants' Motion to Strike Plaintiff's Surreply, (Docket No. 159), is **GRANTED**. Plaintiff's Surreply, (Docket No. 158), is hereby **STRICKEN** because it is untimely and exceeds the scope of Local Rule 56-1. (*See* S.D. Ind. L.R. 56-1(d)) ("A party opposing a summary judgment motion may file a surreply brief only if the movant cites new

---

[3] For example, Plaintiff cites to *United States v. Respress*, 9 F.3d 483 (6th Cir. 1993) in support of the above proposition. But that case, which is not binding authority on this Court, involves a situation where the Sixth Circuit affirmed a finding of probable cause to justify the warrantless search of a suitcase. *Id.* at 487–88. There is no support for the legal assertion that Plaintiff advances.

evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply."). Final judgment shall issue by separate entry.

    **IT IS SO ORDERED.**

Dated:  June 27, 2025

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

MATTHEW C. BRENNER
295727
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
P.O. Box A
NEW CASTLE, IN 47362

Allyson Rebecca Breeden
Stoll Keenon Ogden PLLC
allyson.breeden@skofirm.com

Craig R. Emig
Kahn, Dees, Donovan & Kahn, LLP
cemig@kddk.com

David L. Jones
Dentons Bingham Greenebaum LLP
david.jones@dentons.com

Jordan Matthew Saner
Stoll Keenon Ogden PLLC
jordan.saner@skofirm.com